IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERICKY A. BOGUES,
   #327-305                                      :

       v.                                  :      CIVIL ACTION NO. CCB-13-1061

LT. DALE SMITH, et al.            :

## MEMORANDUM

Plaintiff Ericky Bogues, a pro se inmate at a Maryland prison, alleges that prison staff deliberately and without justification kept him in an unsanitary shower area without food or access to a toilet for roughly 24 hours. The defendant correctional officer and supervisors have filed a motion to dismiss, or in the alternative for summary judgment, addressing the merits of Mr. Bogues's claims[1] and also arguing that his suit must be dismissed because he failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Mr. Bogues opposes dismissal, arguing that the conditions of his confinement in the shower area violated the Eighth Amendment, and his attempts to administratively exhaust his claim concerning the incident were thwarted by defendant Sgt. Walter Iser and others. Mr. Bogues further complains that the defendants continued to punish him after releasing him from the shower area by placing him in an isolation cell without a light switch, table, or shelves. Pursuant to court order, the parties have supplemented their motions regarding administrative exhaustion. A hearing is not needed to resolve the issues presented in this case. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, the defendants' motion, treated as a motion for summary judgment, will be granted.

---

[1] The defendants' motion shall be construed as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

**BACKGROUND**

Mr. Bogues is a state prisoner held at the North Branch Correctional Institution ("NBCI"). He complains that around 8:30 a.m. on January 28, 2013, Officer Luke Girvin left him in the shower area. He asserts that the showers are very unsanitary, smell of urine and feces, and draw flies. When Mr. Bogues complained to Officer Girvin and asked to talk to Lt. Dale Smith, Sgt. Keith Gillum, and Sgt. Walter Iser, Officer Girvin said they knew he wanted to speak to them, smirked, and walked away. Mr. Bogues missed his lunch while in the shower area. Lt. Smith, Sgt. Gillum, and Sgt. Iser left NBCI at the end of their shift at 3 p.m., leaving him there. During the 3 p.m. to 11 p.m. shift, Mr. Bogues asked Lt. George McAlpine and Sgt. Gregory Forney to let him return to his cell, but they "ignored" him. Mr. Bogues missed dinner, and remained in the shower during the entire 3 p.m. to 11 p.m. shift. Mr. Bogues states that during the 11 p.m. to 7 a.m. shift, he spoke to Sgt. Derek Baer, who told him that a previous shift was responsible for the situation and walked away. Mr. Bogues missed breakfast on the morning of January 29 and was unable to go to the restroom to relieve himself. At approximately 8:25 a.m., Sgt. Gillum removed Mr. Bogues from the shower and placed him in an isolation cell that lacked a table or shelves, in which he was unable to control the light. He does not claim that any serious physical or emotional injury resulted from either his 24 hours in the shower area or his placement in the isolation cell.

The defendants concede that Mr. Bogues was kept in the shower, but aver that Mr. Bogues refused to leave the shower area and verbally threatened all the officers on the tier. (*See, e.g.*, Girvin Decl. ¶ 4, ECF No. 19-3). They say that when Mr. Bogues chose to exit the shower on morning of January 29, 2013, he was placed in a temporary cell to allow time for him to compose himself before returning to his regular cell on January 30, 2013. The defendants

further note that as of December 9, 2013, plaintiff had filed 115 administrative remedy procedure grievances ("ARPs") at NBCI, but did not file an ARP concerning the events alleged here. They contend the complaint should be dismissed for failure to exhaust administrative remedies. Alternatively, the defendants argue that Mr. Bogues's placement in the shower for a 24-hour period did not violate his Eighth Amendment rights with regard to conditions of confinement. Mr. Bogues argues that his attempts to exhaust administrative remedies were thwarted by prison officials. He also provides affidavits from several prisoners on his tier who confirm his statement that he repeatedly asked to be released from the shower, only to be refused.

## ANALYSIS

**Summary Judgment Standard**

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). Whether a fact is material depends upon the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must view the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in his favor. *Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore*, 721 F.3d 264, 283 (4th Cir. 2013) (en banc). At the same

time, the court must not yield its obligation "to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (citation and internal quotation marks omitted).

**Conditions-of-Confinement Claim**

"The Eighth Amendment prohibits the infliction of cruel and unusual punishment on one convicted of a crime." *Shakka v. Smith*, 71 F.3d 162, 165 (4th Cir. 1995) (citing U.S. Const. amend. VIII). This protection extends to "the treatment a prisoner receives in prison and the conditions under which he is confined . . . ." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Such a showing requires proof both that (1) the deprivation of a basic human need was objectively sufficiently serious, and (2) the officials subjectively acted with a sufficiently culpable state of mind. *Shakka*, 71 F.3d at 166. As to the objective element, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Accordingly, the "prisoner must 'produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Shakka*, 71 F.3d at 166 (citations omitted). As to the subjective component of the officials' state of mind, there must be evidence of deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). "A prison official demonstrates deliberate indifference if he 'knows of and disregards an excessive risk to inmate health or safety.'" *Brown v. North Carolina Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010) (citation omitted).

Even if Mr. Bogues is correct that the guards refused to let him leave the shower area for a 24-hour period despite his repeated requests, his discomfort did not result in actual injury. The absence of an injury alone is enough to defeat his claim. *See* 42 U.S.C. § 1997e(e) (barring inmate lawsuits where there is no showing of physical injury); *Shakka*, 71 F.3d at 166. Assuming the incident occurred as Mr. Bogues represents, his mistreatment at the hands of the guards is unjustified, yet even so is not the sort of "extreme" deprivation that gives rise to a claim under the Eighth Amendment. The same is true for the defendants' temporary placement of Mr. Bogues in a minimally furnished cell before returning him to his assigned cell. Accordingly, the defendants are entitled to summary judgment.[2]

## CONCLUSION

The defendants' motion, treated as a motion for summary judgment, will be granted. A separate order follows.

February 27, 2015                                  /S/
Date                                               Catherine C. Blake
                                                   United States District Judge

---

[2] Having found no constitutional violation, the court need not address the defendants' claims that Mr. Bogues failed to exhaust administrative remedies, or that they are entitled to qualified immunity.